## Case No. 18,235.

### BIBBS v. DAVIS.

[2 Hayw. & H. 364.] [1]

Circuit Court, District of Columbia. Feb. 16, 1861.

MARRIED WOMEN — RENEWING CONTRACT AFTER COVERTURE CEASES.

Where a woman during coverture makes a contract in reference to her separate estate, and subsequently after the death of her husband promises to pay the same, she is liable.

At law. This was a suit brought by [R. A. Davis, to the use of Thomas Waters, against Mary R. Bibbs] on the following instrument in writing: "September 9, 1858. Balance due on settlement with Mr. R. A. Davis, by me, 34 dollars. Mary R. Bibbs." Judgment was rendered against the appellant for the amount, with interest, from September 9, 1858, and costs, by William A. King, a justice of the peace. On appeal the judgment was affirmed. The appellant, through her attorney, moved a new trial for the following reasons: It having been proven upon the trial in this case that the appellant, while a married woman, executed and delivered to the appellee, in consideration of work and labor done and performed upon her farm, the paper writing herewith filed, and that after the death of her said husband (to wit, after the service of the writ) she promised to pay to the defendant the amount therein specified. The said appellant moved the court to instruct the jury in substance as follows, to wit: If they believe from the whole evidence aforesaid that the said appellant, during coverture, executed and delivered to the said appellee the said paper writing, and after coverture promised to pay the same, it is null and void, and they must find for the appellant.

This instruction the court refused to grant, and instead, instructed the jury that if they believe the said evidence to find for the appellee. The refusal of the instructions prayed and the instruction granted, are respectfully assigned as error, and the grounds for a new trial for the following reasons: First. The contract of a feme-covert is null and void and not voidable, and a judgment cannot be rendered at law against her person or property thereupon. Second. The promise of a feme-covert being null and void, and her subsequent promise when sole, without a new consideration is also void. Third. In equity the agreement of a feme-covert made upon the faith of her separate estate is not an obligatory contract, for as a feme-

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

covert she is incapable of contracting, but is rather an appointment out of her separate estate. The power of appointment is incident to the power of enjoyment, and every security thereon executed by her is deemed an appointment, pro tanto, of the separate estate. A feme-covert can bind her separate estate only according to the terms of the instrument creating the same. Courts of equity never decree in personam but in rem. All of which we respectfully submit to the consideration of the court.

Robert G. Thrift, for appellant.
Mr. Mathews, for appellee.

Upon full argument by counsel, THE COURT held that where a lady during marriage makes a contract in reference to her separate estate, and subsequently after the death of her husband, promises to pay the same, she is liable thereupon at law. Motion overruled and judgment on the verdict.